IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Amanda Whatley, Ssgt. Joshua Whatley, Leah Fuhrman, PO1 Randy Fuhrman, Stephany Cross, Ssgt. Paul Cross, CW4 Robert Domen, Victoria Howe, GySgt. Scott Howe, Jenna Rischer, Sgt. Levi Risher, on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) ) ) ) ) | Civil Action No. 9:17-cv-2716-BHH |
| Plaintiffs, | ) ) | **ORDER** |
| v. | ) ) | |
| Atlantic Marine Corps Communities LLC, d/b/a Atlantic Marine Corps Communities at Tri-Command, f/k/a Tri-Command Managing Member LLC, a/f/k/a Tri-Command Military Housing LLC, and Atlantic Marine Corps Communities Property Management LLC, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the Court upon the motion to dismiss filed by Defendants Atlantic Marine Corps Communities LLC, d/b/a Atlantic Marine Corps Communities at Tri-Command, f/k/a Tri-Command Managing Member LLC, a/f/k/a Tri-Command Military Housing LLC ("AMCC"), and Atlantic Marine Corps Communities Property Management LLC ("AMCC PM") (hereinafter collectively referred to as "Defendants"). In this purported class action, individuals who leased military housing at the Marine Corps Air Station in Beaufort, South Carolina, from Defendants seek damages on behalf of themselves and others similarly situated based on Defendants' alleged nondisclosure of environmental

contaminants on the leased premises.

Defendants raise a number of issues in their motion to dismiss, including the argument that this case is not ripe for review because Plaintiffs failed to seek mediation, which is a condition precedent to filing suit. Defendants point out that the lease agreements between the parties contain a provision requiring mediation: "Owner and resident agree to mediate any dispute or claim arising between them out of this Lease, before resorting to court action." (*See* ECF No. 7-1 at 9.) Interestingly, following the filing of Defendants' motion to dismiss, the parties filed a "consent partial stipulation of dismissal as to certain claims and defenses," including the following paragraph:

> Unless the Court dismisses Plaintiffs' First Amended Complaint in its entirety, Plaintiffs have agreed to mediate this case as soon as possible after the Court's ruling on Defendants' pending Motion to Dismiss, with consideration given to the parties' agreement on a suitable mediator and coordination of scheduling between the attorneys, parties and mediator. In turn, Defendants have agreed not to pursue, and ask the Court to defer a ruling on, Defendants' second argument in its Motion to Dismiss – that the case is not ripe for review due to Plaintiffs' failure to seek mediation, until after the Parties have attempted to engage in mediation.

(ECF No. 14 ¶ 4.)

In their motion to dismiss, Defendants cite the case of *Allied World Surplus Lines Ins. Co. v. Blue Cross and Blue Shield of South Carolina*, where Judge Gergel granted the defendant's motion to dismiss and dismissed the action without prejudice under Rule 12(b)(1) of the Federal Rules of Civil Procedure because he found that the action was not ripe for judicial review because contractual provisions requiring mediation as a condition precedent to litigation had not been satisfied and might be satisfied in the future. No. 3:17-903-RMG, 2017 WL 3328230 (D.S.C. 2017). In so finding, Judge Gergel explained the following:

> "The doctrine of ripeness prevents judicial consideration of issues until a controversy is presented in clean-cut and concrete form." *Miller v. Brown*, 462 F.3d 312, 318-19 (4th Cir. 2006) (internal quotation marks omitted). To determine if a case is ripe, courts "balance the fitness of the issues for judicial decision with the hardship to the parties of withholding court consideration." *Id.* at 319 (internal quotation marks omitted). "[I]t is settled that a case is fit for judicial decision when the issues are purely legal and when the action in controversy is final and not dependent on future uncertainties." *Lansdowne on the Potomac Homeowners Ass'n, Inc. v. OpenBand at Lansdowne, LLC*, 713 F.3d 187, 198 (4th Cir. 2013) (internal quotation marks omitted).
>
> Where mediation is a condition precedent to litigation, and where that mediation has not yet been completed but may be completed in the future, the underlying action in controversy is dependent upon future uncertainties: whether the required mediation will occur and, if so, whether (or to what extent) the mediation will resolve the underlying claims. Moreover, withholding judicial review until completion of mediation that is condition precedent to litigation imposes no hardship on the parties. The Court therefore concludes that where a mediation condition precedent to litigation has not yet been satisfied but may be satisfied in the future, the merits of the underlying claim are not ripe for judicial review. If a dispute is not ripe for judicial review, then dismissal is appropriate under Rule 12(b)(1). *Sansotta v. Town of Nags Head*, 724 F.3d 533, 548 (4th Cir. 2013) (" '[R]ipeness is a question of subject matter jurisdiction.' " (quoting *Reahard v. Lee County*, 978 F.2d 1212, 1213 (11th Cir. 1992)).

Here, therefore, despite the parties' stipulation asking the Court to defer ruling on this issue, the Court finds that it would be inappropriate to do so, as the issue is one of ripeness, which the Fourth Circuit has indicated is a question of subject matter jurisdiction. *Sansotta v. Town of Nags Head*, 724 F.3d 533, 548 (4th Cir. 2013). The lease agreements between the parties required them to mediate any dispute arising out of the lease *before resorting to court action*, thereby making mediation a condition precedent to litigation. Because the parties admit that the mediation has not yet taken place (and in fact, the parties agree to mediate in the future), the Court agrees with Judge Gergel's analysis in *Allied* that "the underlying action in controversy is dependent upon future uncertainties."

3

2017 WL 3328230, *2.  Moreover, in asking the Court to overlook the condition precedent and rule on the merits of the remaining issues raised in Defendants' motion to dismiss prior to their mediation of the claims, the parties are in effect requesting advisory rulings from the Court.

After review, the Court adopts the reasoning set forth in *Allied* and accordingly finds that this action is not ripe for judicial review because the parties have not yet satisfied a condition precedent to litigation.[1]  Because this case is not ripe, the Court lacks subject matter jurisdiction at this time.  Therefore, the Court grants in part Defendants' motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, and the Court dismisses this action **without prejudice**.

**AND IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce H. Hendricks
United States District Judge

September 28, 2018
Charleston, South Carolina

---

[1] As Judge Gergel also noted in *Allied*:

> The Court declines to adopt the reasoning of some courts in this Circuit that a Rule 12(b)(1) challenge based upon failure to comply with a contractual mediation requirement "conflate[s] the concepts of subject matter jurisdiction and 'condition precedent' to litigation," ' and that a motion to dismiss is properly considered under Rule 12(b)(6), not Rule 12(b)(1). *E.g., Kane Builders S & D, Inc. v. Md. CVS Pharmacy, LLC*, No. CIV.A. DKC 12-3775, 2013 WL 2948381, at *2 (D. Md. June 13, 2013).

2017 WL 3328230, *2 n.1.